1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DEMETRI KAY MADDEN,                          No. 2:15-cv-1750-JAM-CMK-P

12            Petitioner,

13       vs.                                       ORDER

14   J. MACOMBER,

15            Respondent.

16   _____/

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is respondent's

19   unopposed motion to dismiss the petition on the grounds that it is not fully exhausted (Doc. 15).

20       **I.       MOTION TO DISMISS**

21            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

23   petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

24   Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

25   lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

26   in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

1

1   Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

2   remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

3   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

4   1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

5   after the court orders a response, and the Court should use Rule 4 standards to review the motion.

6   See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

7   exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

8          Here, respondent argues that one of the claims raised in petitioner's federal habeas

9   petition is unexhausted as petitioner failed to present the claim to the California Supreme Court.

10         Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

11   before the federal court can grant a claim presented in a habeas corpus case.  See Rose v. Lundy,

12   455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v.

13   Pliler, 336 F.3d 839 (9th Cir. 2003).   "A petitioner may satisfy the exhaustion requirement in

14   two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the

15   claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal

16   court no state remedies are available to the petitioner and the petitioner has not deliberately

17   by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations

18   omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to

19   give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard

20   v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

21         Regardless of whether the claim was raised on direct appeal or in a post-

22   conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the

23   state's highest court.  See Castille v. Peoples, 489 U.S. 346 (1989).  Although the exhaustion

24   doctrine requires only the presentation of each federal claim to the highest state court, the claims

25   must be presented in a posture that is acceptable under state procedural rules.  See Sweet v.

26   Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is

1    denied by the state courts on procedural grounds, where other state remedies are still available,

2    does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488

3    (1979); Sweet, 640 F.2d at 237-89.[1]

4            In addition to presenting the claim to the state court in a procedurally acceptable

5    manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the

6    state court by including reference to a specific federal constitutional guarantee.  See Gray v.

7    Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th

8    Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is

9    self-evident.  See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d

10   904 (9th Cir. 2001).

11           When faced with petitions containing both exhausted and unexhausted claim

12   (mixed petitions), the Ninth Circuit held in Ford v. Hubbard that the district court is required to

13   give two specific warnings to pro se petitioners:  (1) the court  could only consider a stay-and-

14   abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the

15   unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he

16   opted to dismiss the entire petition to exhaust unexhausted claims.  See 330 F.3d 1086, 1099 (9th

17   Cir. 2003).  However, the Supreme Court held in Pliler v. Ford that the district court is not

18   required to give these particular warnings.  See 542 U.S. 225, 234 (2004).[2]  Furthermore, the

19   district court is not required to sua sponte consider stay and abeyance in the absence of a request

20

21       [1]    This situation of procedural deficiency is distinguishable from a case presented to

22   the state court using proper procedures but where relief on the merits is precluded for some
     procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former

23   represents an exhaustion problem; the latter represents a procedural default problem.

24       [2]    The Supreme Court did not address the propriety of Ninth Circuit's three-step
     stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original

25   petition, stay of the remaining claims pending exhaustion, and amendment of the original petition
     to add newly exhausted claims that then relate back to the original petition.  See Pliler, 542 U.S.

26   at 230-31 (citing Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir.
     1998)).

1   from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the

2   petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066,

3   1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district

4   court should dismiss mixed petitions and need not provide any specific warnings before doing so.

5   See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the

6   "choice of returning to state court to exhaust his claims or of amending or resubmitting the

7   habeas petition to present only exhausted claims to the district court")).

8          In the instant case, respondent argues claim four of petitioner's petition is

9   unexhausted, as he failed to present the claim to the California Supreme Court.  Specifically,

10  respondent contends that petitioner only filed a direct appeal, including a petition for review in

11  the California Supreme Court, but no state petitions for writ of habeas corpus.  In the petition for

12  review filed with the California Supreme Court, petitioner raised three of the claims in his federal

13  petition (two due process claims, and a failure to arraign), but he did not raise his fourth claim,

14  ineffective assistance of counsel and prosecutorial misconduct.  As petitioner has not filed an

15  opposition to the motion to dismiss, it appears he concedes that his petition is not fully

16  unexhausted.  In addition, due to his lack of opposition, he fails to make any request that the

17  court enter a stay and abeyance order.  Thus, dismissal of his petition is appropriate.  Petitioner

18  has the choice whether to return to the state court to exhaust his claims, or file an amended

19  petition presenting only exhausted claims to this court.

20  **II.    CONCLUSION**

21         Based on the foregoing, the undersigned recommends that respondent's

22  unopposed motion to dismiss (Doc. 15) be granted.

23         These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court.  Responses to objections shall be filed within 14 days after service of

objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  October 27, 2016


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE